UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>     Plaintiff,<br><br>  vs.<br><br>DAVE ERICKSON, Former Chief of Police, Brookings, South Dakota, in his individual and official capacity; JOE FISHBAUGHER, Assistant Chief of Police, Brookings, SD, in his individual and official capacity; DAMIAN WEETS, Sergeant Brookings PD (Police Dept), Brookings, South Dakota, in his individual and official capacity; GEOFFREY POLLMAN, Police Officer of Brookings, SD Police Department, in his individual and official capacity; CLAIRE TJEERSMA, Citizen of Brookings, in her individual capacity; JANE DOE, (Jamie) Citizen of Brookings South Dakota, in her individual capacity; LISA RADTKE, Dispatch for Brookings Police Department, in her individual and official capacity; CHARLES BUSH, Sergeant for Brookings Police Department, in his individual and official capacity,<br><br>     Defendants. | 4:22-CV-04117-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

  Plaintiff, Charles Ray Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Johnson filed a motion to amend his complaint, which this court granted. Dockets 9, 10. Johnson moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2.

I.   **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis (Docket 2) is granted.

II.   **1915 Screening**

   A.   **Factual Background**

The facts alleged in Johnson's complaint are: that Brookings Police Department officers used excessive force when arresting Johnson and then altered body camera footage of the arrest to cover up their actions. *See* Docket 1 at 4; Docket 8 at 2. In a supplement to his complaint, Johnson claims that the Brookings Police Department received a call from Claire Tjeersma, a citizen of Brookings, reporting a suspicious individual in a black car. *See* Docket 8 at 2. He claims that police officers "were searching for a suspicious individual

believed to be black" because Jamie, a citizen of Brookings, reported that she "got some dope out of a black guy[.]" *Id.* Johnson alleges that Officers Damian Weets and Geoffrey Pollman approached the car that he was in and that he provided them with a false name. *Id.* He alleges that Weets "drew his firearm several times while yelling racial remarks." *Id.* Johnson attaches police records that indicate he was arrested for providing a false name. *See* Docket 1-1 at 2, 8. The incident in question occurred on July 26, 2018. *Id.*

Johnson alleges that the Brookings Police Department removed nine minutes and forty-nine seconds from Weets and Pollman's body camera videos to hide Weets's actions. *See* Docket 1 at 4. In several supplements to his complaint, Johnson notes different time stamp entries in police reports from the day of his arrest and the body camera videos from Weets and Pollman to support his allegations that the videos have been edited. *See, e.g.*, Docket 1-1 at 1-8; Docket 5 at 7-21. He also alleges that Tjeersma and Jamie filed false police reports to further the conspiracy and that Brookings Police Department Dispatcher Lisa Radtke and Sergeant Charles Bush falsified times in their reports of the incident. Docket 12 at 5-6.

On October 29, 2020, Johnson filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against Brookings Chief of Police Dave Erickson, Assistant Brookings Chief of Police Joe Fishbaugher, Weets, Parole Officer John McQuistion, and Officer John Doe, later determined to be Pollman, in which he made the same allegations. *See Johnson v. Erickson*, 4:20-CV-04168-KES, Dockets 1, 39. This court granted summary judgment to defendants on all

3

claims in that case. *Johnson v. Erickson*, 2022 WL 742492, at *8 (D.S.D. Mar. 11, 2022). Johnson had previously attempted to bring these claims in several prior lawsuits, and defendants filed a motion to declare Johnson a vexatious litigant. *See id.* at *3 n.2, *8. Although this court denied defendants' motion, it warned Johnson that "future attempts to bring this lawsuit may result in pre-filing restrictions on his ability to bring suits in this court." *Id.* at *8.

In his current lawsuit, Johnson brings claims for conspiracy to violate his civil rights, excessive force, unreasonable seizure, violation of his equal protection rights, failure to train, failure to intervene, failure to supervise, and intentional and reckless "infliction of emotional stress[.]" Docket 12 at 1. He sues Tjeersma and Jamie in their individual capacities and Erickson, Fishbaugher, Weets, Pollman, Radtke, and Bush in their individual and official capacities. *Id.* at 3-6. He seeks $11 million in damages. *Id.* at 6.

**B.    Legal Background**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C.

5

§ 1915(e)(2)(B). The court will now assess Johnson's amended complaint under 28 U.S.C. § 1915.

### C. Legal Analysis

#### 1. Claims Against Defendants in Prior Lawsuit

Johnson brings claims against Erickson, Fishbaugher, Weets, and Pollman for their involvement in his arrest and alleged efforts to alter body camera footage in order to cover up excessive force. *See* Docket 12 at 3-4. Claims against these defendants for these actions were dismissed with prejudice by this court in Johnson's prior lawsuit. *Johnson*, 2022 WL 742492, at *1-2, *7-8. Thus, these claims are barred by the doctrine of res judicata.

Under federal common law, the doctrine of res judicata, or claim preclusion, applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989) (citations omitted). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)).

The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or any grounds which could have been raised in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982) (citations omitted). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate[,]" the doctrine of res judicata protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Under Federal Rule of Civil Procedure 8(c)(1), res judicata is an affirmative defense, but the Eighth Circuit Court of Appeals has dismissed complaints on res judicata grounds at the screening stage. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (discussing the res judicata effect of prior dismissals "on frivolousness determinations for future *in forma pauperis* petitions" (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992))). Although *Waller* considered the preclusive effect of a prior screening dismissal under 28 U.S.C. § 1915 on future screenings, the court stated that res judicata can apply at the screening stage. *See id.*

Here, Johnson's claims in the present case against Erickson, Fishbaugher, Weets, and Pollman are barred by res judicata. In Johnson's prior case, these claims were dismissed with prejudice on the merits in a suit based on proper jurisdiction and including the same parties. *See Johnson*, 2022 WL 742492, at *8. Although Johnson states additional claims for relief

7

such as "infliction of emotional stress[,]" Docket 12 at 1, two suits are based upon the same claims or causes of action when they "arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy*, 877 F.2d at 684-85. Johnson alleges that Weets drew his firearm and yelled racial remarks and that Brookings Police Department officers covered up this incident by altering body camera footage. Docket 1 at 4; Docket 8 at 2. This is the same factual predicate as his prior lawsuit. *Johnson*, 2022 WL 742492, at *1-2.

Johnson has had a full and fair opportunity to litigate this action. *See Montana*, 440 U.S. at 153. Thus, he is precluded from "relitigating issues that were or could have been raised in [his prior] action." *See Allen*, 449 U.S. at 94 (citing *Cromwell*, 94 U.S. at 352). Johnson's claims against Erickson, Fishbaugher, Weets, and Pollman are barred by the doctrine of res judicata and are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii).

### 2. Claims Against New Defendants

Johnson brings claims against Tjeersma, Jamie, Radtke, and Bush, none of whom were defendants in his prior lawsuit. *See* Docket 12 at 5-6; *Johnson*, 2022 WL 742492.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint . . . when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (citations omitted). "[T]he [United States] Supreme Court has instructed courts to apply the most analogous statute of limitations

8

to claims made under § 1983." *Bell v. Gross*, 2021 WL 2336936, at *2 (D.S.D. June 8, 2021) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985)). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (citing SDCL § 15-2-15.2).

According to documentation submitted by Johnson, he was arrested on July 26, 2018. *See* Docket 1-1 at 2, 8. Johnson does not claim that Tjeersma, Jamie, Radtke, and Bush participated in the alleged altering of body camera footage, only that they submitted false reports of the arrest. *See* Docket 12 at 5-6. Thus, their alleged unconstitutional actions occurred on July 26, 2018, or shortly thereafter.[1] *See* Docket 1-1 at 2, 8. Under SDCL § 15-2-15.2, Johnson needed to bring this action by July 26, 2021, or by three years from the date on which the alleged false reports were written for claims against Radtke and Bush.

South Dakota "ha[s] not officially adopted the equitable tolling doctrine for civil cases[.]" *In re Estate of French*, 956 N.W.2d 806, 811 (S.D. 2021) (citing *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822, 825 n.2 (S.D. 2010)); *see also Bourassa v. United States*, 581 F. Supp. 3d 1188, 1198-1200 (D.S.D. 2022) (discussing the South Dakota equitable tolling standard as applied to a *Bivens* claim). "The threshold for consideration of equitable tolling is inequitable

---

[1] For instance, Weets and Pollman wrote reports of the arrest on July 27, 2018. Docket 12-1 at 3-4.

circumstances not caused by the plaintiff that prevent the plaintiff from timely filing." *In re Estate of French*, 956 N.W.2d at 811-12 (quoting *Anson*, 788 N.W.2d at 826).

Here, Johnson makes no allegations of inequitable circumstances that prevented him from timely filing this lawsuit. *See* Docket 12 at 1-8. Instead, he only alleges that the incident in question violated his rights. *Id.* Further, Johnson has made several attempts to bring these claims, and one of those attempts survived screening, demonstrating that Johnson was capable of pursuing claims against Tjeersma, Jamie, Radtke, and Bush within the statute of limitations. *See Johnson*, 2022 WL 742492, at *1, *3 n.2. Thus, he makes no showing of inequitable circumstances, and his claims against these defendants are properly dismissed under *Myers*. *See* 960 F.2d at 751 (citations omitted); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Johnson's claims against Tjeersma, Jamie, Radtke, and Bush are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Johnson's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Johnson's amended complaint (Docket 12) is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

3. That judgment is entered in favor of Dave Erickson, Joe Fishbaugher, Damian Weets, Geoffrey Pollman, Claire Tjeersma, Jane Doe, Lisa Radtke, and Charles Bush.

Dated January 4, 2023.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE